UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARD NUNEZ, | Civil Action No. 07-1193 (FLW) |
| Petitioner- Defendant, |  |
| v. | OPINION |
| UNITED STATES OF AMERICA, |  |
| Respondent- Plaintiff. |  |

**WOLFSON, District Judge:**

      Presently before the Court is Petitioner Richard Nunez's ("Petitioner" or "Nunez") motion to vacate, set aside or correct his 216 month sentence pursuant to 28 U.S.C. § 2255.  Petitioner's grounds for his motion include: (1) ineffective assistance of counsel; and (2) unreasonableness of the sentence.  Respondent United States of America ("Respondent") moves to dismiss Petitioner's motion.  For the foregoing reasons, the Court decides the present motion as follows:  the Court dismisses Petitioner's motion to vacate his sentence, pursuant to § 2255, because he has failed to adequately support his claim that defense counsel was ineffective in failing to appeal the Court's admission of cocaine seized from his car; Petitioner is precluded from relitigating the unreasonableness of his sentence according to *United States v. Booker*, 543 U.S. 220 (2005); and, irrespective of the merits of his claims,  Petitioner waived his § 2255 rights and therefore, the Court need not exercise jurisdiction.

1

**I. Background and Procedural History**

Petitioner's claims arise out of an initial arrest for driving while intoxicated and a subsequent search of his vehicle, where police found 1.2 pounds of cocaine. The following facts are not in dispute, and were found by the Court in its proceeding on March 17, 2004. On January 12, 2003, in Pleasantville, New Jersey, police pulled over Nunez in a Lincoln Navigator for driving erratically, swerving out of his lane and running a stop sign. When asked about the strong smell of alcohol emanating from the vehicle, Nunez replied that he had consumed a few drinks. The officer then asked Nunez to exit the vehicle, at which point he refused and the officer informed Nunez that he was under arrest for driving under the influence. As a second officer reached into the vehicle to remove Nunez and prevent him from fleeing, Nunez sped off with the officer still partially inside the window. After being pursued for about three quarters of a mile, Nunez jumped out of the car to flee on foot. After a struggle, the officers apprehended him.

Directly afterward, a detective arrived on the scene; he and one of the officers began searching Nunez's vehicle. In the center console, the officers found a plastic cup of what appeared and turned out to be brown liquor. The detective also found a jacket in the compartment behind the rear seat, and as he lifted it, a white plastic bag fell out of the sleeve. Inside the bag was a large Ziplock bag containing a large amount of white rock substance believed to be cocaine, as well as a digital scale. The substance, which later tested positive for cocaine, weighed 1.2 pounds. In addition, the detective found a small green Ziplock bag on the floorboard cargo area, which contained around 1 gram of cocaine.

Following his arrest and indictment, Petitioner made a motion to suppress the cocaine found in his vehicle on the grounds that it was the product of an unlawful search; following an evidentiary

hearing, this Court denied the motion and rendered an oral opinion.  Subsequently, on March 17, 2006, Nunez agreed to a stipulated bench trial and was found guilty of possessing more than 500 grams of cocaine with the intent to distribute in violation of 12 U.S. §§ 841 (a)(1) and 841 (b) (1) (B).  As part of the stipulated trial, Nunez retained his right to appeal the Court's decision on his motion to suppress.  After the adjudication, Petitioner engaged in several proffer sessions with the Government, and on May 4, 2004 entered into a sentencing agreement in which he agreed to cooperate with the Government, as well as with the United States Attorney's office for the Southern District of New York.  *Agreement with Richard Nunez ("Agreement"),* Government's Opposition Exhibit B, at 1.  As part of the Agreement, Petitioner forfeited his right to appeal the Court's denial of his motion to suppress.  In addition, Petitioner stipulated to certain sentencing guideline matters including waiving both his right to appeal his sentence and his 28 U.S.C. § 2255 rights.  The Agreement, signed on May 4, 2004, occurred prior to the passage of *United States v. Booker*, which made the Sentencing Guidelines advisory. *Agreement* at 6.

On February 23, 2005, this Court sentenced Petitioner to 216 months imprisonment. *Transcript of Sentence, ("Transcript")* at 27.  The Court determined that Petitioner fell into the Sentencing Guidelines category of 33, with a level VI criminal history, advising a sentence of 235-293 months.  *Transcript* at 3-4.  Additionally, the Court noted that Petitioner had an extensive criminal history and had been convicted of several prior drug offenses. *Id.* at 19.  Furthermore, Nunez was diagnosed with multiple sclerosis in 2000. *Id.* at 17.  At the time of sentencing, Petitioner intermittently suffered symptoms of muscle fatigue, bowel trouble and feet numbness, and the future progression of the disease was impossible to determine.  *Id.* at 9-10.

Petitioner appealed his sentence to the Third Circuit arguing that his sentence was unreasonable. On March 10, 2006, the Third Circuit denied Petitioner's appeal and affirmed this Court's sentence. The Third Circuit held that Petitioner's sentence was reasonable and that this Court correctly followed post-*Booker* sentencing procedures. *United States v. Nunez,* 173 Fed. Appx. 128, 131 (3d Cir. 2006). Additionally, the Third Circuit held that it need not discuss Petitioner's waiver of appeal rights in light of its ruling regarding the merits of the appeal. *Id.* at 129 n1.

On March 9, 2007, Petitioner filed the present § 2255 motion to vacate the sentence on the grounds that, (1) Petitioner's counsel was ineffective when failing to appeal the denied motion to suppress, as well as (2) contesting the reasonableness of the sentence, and (3) challenging the validity of Petitioner's waiver of his § 2255 rights. On August 6, 2007, Respondent moved to dismiss Petitioner's § 2255 petition.

## II.  Nunez Waived His Right To A § 2255 Motion

Nunez claims that his signed waiver of his § 2255 rights is invalid, and thus, enforcing it would result in a miscarriage of justice for two reasons: first, his Fourth and Sixth Amendment rights were violated, and second, the passage of *United States v. Booker* by the Supreme Court after he signed the waiver but prior to his sentencing negates his knowing and voluntary agreement. *Agreement* at 5.[1] On direct appeal, the Third Circuit held that given its disposition regarding the reasonableness of Petitioner's sentence, it need not discuss the issue of the waiver. *United States v. Nunez*, 173 Fed. Appx. 128, 129 n1 (3d Cir. 2006). Nonetheless, on direct appeal, the Circuit Court

---

[1] His plea agreement specifically states that he waives "certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to … a motion under 28 U.S.C. § 2255." Agreement p5.

4

fully considered and rejected Petitioner's arguments regarding this Court's determination regarding Petitioner's sentence.

Moreover, the Third Circuit has previously held that "by waiving the right to appeal, a defendant necessarily waives the opportunity to challenge the sentence imposed, regardless of the merits." *United States v. Khattak*, 273 F.3d 557, 561 (3d 2001). As a result, an appellate waiver in a "plea agreement deprives [the court] of jurisdiction over an appeal, so long as the waiver is entered into knowingly and voluntarily and does not work a miscarriage of justice." *United States v. Robinson*, 244 Fed. Appx. 501, 502 (3d 2007). The same considerations apply if a defendant is collaterally attacking his sentence, rather than challenging it on direct appeal. *Id.* In actuality, an appellate court has "jurisdiction over appeals, even where . . . the defendant has waived his right to appeal… ,[however, an appellate court] will not exercise that jurisdiction to review the merits of such an appeal if [it] conclude[s] that defendant knowingly and voluntarily waived his right to appeal unless the result would work a miscarriage of justice." *United States v. Boika,* 262 Fed. Appx. 368, 370 (3d Cir. 2008) (internal citations omitted).

The Court finds Petitioner's §2255 waiver enforceable. "[A] waiver does not become unenforceable simply because a defendant claims ineffective assistance, but only if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious." *United States v. Akbar*, 181 Fed. Appx. 283, 286-287 (2006) citing *United States v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004) (internal quotations omitted). However, Nunez does not claim that in his case, ineffectiveness of counsel resulted in his signing the waiver unknowingly, involuntarily, or with a lack of understanding. Rather, his ineffective counsel claim is premised upon counsel's failure to appeal the denied motion to suppress evidence.

5

As a result, Petitioner's waiver of his § 2255 rights is effective, and his ineffective counsel claim does not survive waiver of appeal.

Moreover, Mr. Nunez alleges that because he agreed to waive his appeals prior to *Booker*, his waiver should be regarded as a miscarriage of justice; however, there is no basis for invalidation. In *United States v. Lockett*, 406 F.3d 207, 213 (3d Cir. 2005), the Third Circuit ruled that subsequent changes in the law as a result of *Booker* do not invalidate the Petitioner's appellate waiver. "The possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea." *Id.* at 214. Accordingly, Petitioner's waver is enforceable after *Booker*.

In conclusion, the waiver is binding and this Court need not exercise jurisdiction to review the merits of the Petitioner's § 2255 claims. The following discussion of the merits of Petitioner's claims, while not necessary, is made for completeness of the record.

### III. Petitioner's Ineffective Counsel Claim Fails

If the waiver were invalid (which it is not), under 28 U.S.C. § 2255, a prisoner in custody may file a motion in his sentencing court to vacate, set aside, or correct a judgment.[2] Habeas relief is awarded when a prisoner can prove that his constitutional rights have been infringed upon or that the sentence violates laws of the United States. *Id*. "Accordingly, a district court may dismiss a

---

[2] 28 U.S.C. § 2255 states:
    (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
    (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon…

motion brought under § 2255 without a hearing where the record shows conclusively that the movant is not entitled to relief." *Bernard v. United States*, No. 07-691, 2007 U.S. Dist. LEXIS 49929, at *3 (E.D. Pa. July 9, 2007) (citing *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

Petitioner contends that his Sixth Amendment right was violated because his counsel failed to appeal his denied motion to suppress the evidence found in his vehicle. The Sixth Amendment[3] guarantees criminal defendants the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). This right to effective counsel also extends to appeals. *See Evitts v. Lucey*, 469 U.S. 387, 406 (1985).

In order to succeed on a claim of ineffective counsel, Petitioner must prove two elements pursuant to the standard set forth in *Strickland v. Washington*, 466 U.S. 668, (1984). First, Petitioner must show that counsel's performance was inadequate and "fell below an objective standard of reasonableness;" in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687-688. Petitioner must then show prejudice; that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the sentencing context, prejudice exists where the inadequate performance affected petitioner's sentence. *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007).

The determination of counsel's ineffectiveness is highly deferential to counsel's professional judgments. *See Jones v. Barnes,* 463 U.S. 745, 754 (1983). "For judges to second-guess reasonable

---

[3] The Sixth Amendment guarantees that, " [i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence." (U.S. Const. amend. VI.)

professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies" requiring counsel to support his client to the best of his abilities. *Id.* When analyzing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Ineffectiveness can be shown "[w]here the deficiencies in counsel's performance are severe and cannot be characterized as the product of strategic judgment." *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989).

Moreover, "[o]nly those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). Therefore, Petitioner must prove that he was denied a fair trial because defense counsel was grossly incompetent in failing to argue that the scope of the search was not "strictly tied to and justified by the circumstances which rendered its initiation permissible," rather than simply proving that his Fourth Amendment right[4] was violated. *Terry v. Ohio*, 392 U.S. 1, 19 (1968) (internal citations omitted).

---

[4] The Fourth Amendment guarantees,
> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. (U.S. Const. amend IV.)

When applying the first *Strickland* prong analyzing performance, defense counsel was not inadequate when he failed to appeal the denial of the motion to suppress. First, as part of Petitioner's cooperation Agreement on May 4, 2004, Petitioner waived his right to appeal the denied suppression motion. As previously discussed, the May 4th waiver is valid; and therefore, defense counsel was in no way ineffective for failing to appeal an issue when Petitioner signed a valid waiver agreeing not to appeal the very same issue.

Additionally, even without the waiver, Petitioner failed to establish that defense counsel was ineffective. Petitioner's sole support for this argument is that as a result of the denial of Petitioner's motion to suppress, Nunez waived his right to a jury trial, and agreed to a stipulated trial, thereby making the motion to suppress an obvious issue for appeal. (Petitioner's brief 1 p. 17). However, simply because a motion is denied, counsel is not thereby required to raise the issue on appeal; using his professional discretion, counsel may choose to present only the strongest arguments. No decision of the United States Supreme Court suggests "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes* 463 U.S. 745, 751 (1983).

Counsel's choice to not raise the suppression issue on appeal does not prove gross incompetence because the search of Petitioner's vehicle was not unreasonable. Indeed, based on the record, Petitioner was lawfully arrested for driving under the influence as he was visibly drunk while driving, and then resisted arrest by trying to escape. A chase ensued and Petitioner was apprehended. At the crime scene, moments after Petitioner was physically taken into custody, police searched Petitioner's vehicle and found two plastic bags containing cocaine, one wrapped inside the

Petitioner's jacket in the compartment behind the back seat, and the other smaller bag on the floor of the vehicle.

Although Nunez was not in the vehicle at the time of the search, the authorities were allowed to search the vehicle because a search of "the passenger compartment of a vehicle incident to a lawful custodial arrest of… recent occupants" is permitted under the Fourth Amendment. *Thornton v. United States,* 541 U.S. 615, 622 (2004). "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. *New York v. Belton* 453 U.S. 454, 460 (1981).

Because the larger bag of cocaine was found in the compartment behind the rear seat of the SUV, and the smaller bag was found on the floorboard of the vehicle, the items were found "in fact generally, even if not inevitably, within 'the area into which an arrestee might reach in order to grab a weapon or evidentiary' item" to gain possession of them. *Id.,* (quoting *Chimel v. California,* 395 U.S. 752, 763 (1969)).  Here, the searched area was accessible to the driver from inside the vehicle, and not otherwise enclosed or concealed, thereby making it a legal place to search according to the *Chimel* standard.  Additionally, "police may also examine the contents of any containers found within the passenger compartment." *Belton* 453 U.S. at 460.  Therefore, the search was legal, and it is not unreasonable for defense counsel to have used his professional discretion when deciding not to argue the issue on appeal. Accordingly, Petitioner fails to prove that he was denied a fair trial due to the gross incompetence of his attorney and thus, the first *Strickland* prong fails.

In an abundance of caution, were counsel's actions deemed ineffective, Petitioner would still need to prove the second *Strickland* prong of prejudice, i.e. that counsel's poor performance impacted Petitioner's sentence.  Petitioner argues that had the issue been appealed by counsel, his sentence

10

would have been significantly shorter because the crime committed by him would only have been driving under the influence, not for drug possession. In light of the Court's finding that the search was reasonable, the sentence would likely have been the same because the evidence was admissible. Accordingly, the second *Strickland* prong fails as well and Mr. Nunez's claim of ineffective counsel is unsustainable as a matter of law.

**IV.  Petitioner is Barred From Relitigating The Reasonableness Of His Sentence Of 216 Months Imprisonment**

Petitioner claims that his sentence is unreasonable and greater than necessary to achieve the goals of *United States v. Booker*, 543 U.S. 220 (2005), due to his deteriorating health, current state of rehabilitation, and willingness to cooperate and therefore, his §2255 motion to vacate his sentence should be granted.[5]  However, because Petitioner has already directly litigated this exact issue on appeal in the Third Circuit, he is precluded from relitigating it again.

According to well- established Third Circuit law, a petitioner cannot use 28 U.S.C. §2255 to relitigate an issue already litigated on direct appeal. *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) ("Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal"); *Sonneberg v. United States*, No. 01-2067, 2003 U.S. App. LEXIS 6503 at *7, (3d Cir. January 14, 2003) ("It is well settled that a petitioner generally may not relitigate issues that were decided adversely to him on direct appeal by means of a Section 2255 petition"); *Konigsberg v. United States*, 418 F.2d 1270, 1273 (3d Cir. 1969). ("Where a federal court

---

[5]  In 2005, as a result of *Booker*, decided after Petitioner's waiver agreement but prior to his sentencing, the Sentencing Guidelines became advisory. 18 U.S.C. § 3553(a) (2008) now requires that the District Court consider a variety of factors when deciding a sentence and § 3553(c) requires the District Court to openly state the reasons for imposing a particular sentence.

had an opportunity to consider the merits of the contention it is within the discretion of the § 2255 court whether or not to relitigate the issue").

The Petitioner has already unsuccessfully appealed his sentence to the Third Circuit and his specific claim of unreasonableness was directly litigated. See *United States v. Nunez*, 173 Fed. Appx. 128 (3d Cir. 2006). In fact, Nunez specifically argued, as he does here, that his medical condition and his current state of rehabilitation made his sentence unreasonable. In response to Nunez's argument, the Circuit Court ruled, "that his multiple sclerosis did not prevent him from distributing 20 kilograms of cocaine over a three year period. Nor have shorter state sentences deterred him from an almost continual involvement in illegal drug distribution." *Id*. at 131. Currently, Petitioner bases his §2255 motion on the identical argument and as a result, he is precluded from relitigating it.

Moreover, Petitioner's motion would have failed in any event because the Third Circuit held that, "Nunez's sentence was reasonable. There is no dispute that the District Court adhered to the correct procedures to be followed post-*Booker*. It carefully considered and discussed the statutory factors and Nunez's arguments . . . . Nothing in the record suggests that the District Court exercised its broad sentencing discretion unreasonably." *Nunez* 173 Fed. Appx. at 131. Additionally, the Third Circuit evaluated the reasonableness of a sentence using the standard established in *United States v. Cooper,* 437 F.3d 324 (3d Cir. 2006). It determined that this Court properly calculated the correct guidelines offense level, gave meaningful consideration to the factors under 18 U.S.C. § 3553(a), and reasonably applied those factors to the specifics of the case. *Nunez*, 173 Fed. Appx. at 131. In conclusion, Petitioner is barred from relitigating his claim, and even if he were not, his §2255 motion

12

to vacate his sentence would still be denied based on the fact that his sentence was reasonable in light of the § 3553(a) factors .

**V. Conclusion**

Petitioner's §2255 motion to vacate his sentence fails and Petitioner is denied an evidentiary hearing.  The Government's motion to dismiss is granted.


Dated: July 7, 2008        _____

/s/   Freda L. Wolfson
The Honorable Freda L. Wolfson,
United States District Judge